IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : : : | Civil No. 1:24-CV-00756 |
| Plaintiff, | : : | |
| v. | : : | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, *et al.*, | : : : : | |
| Defendants. | : : | Judge Jennifer P. Wilson |

## ORDER

Before the court is motion for partial reconsideration of this court's amended order providing that the stipulated final judgments of Defendants National Collegiate Student Loan Trusts ("the Trusts") and Pennsylvania Higher Education Assistance Agency ("PHEAA") would be stayed upon payment of a bond by each Defendant of their share of the final judgment. Doc. 60, filed by the Trusts. (Doc. 63.) The Trusts ask the court to waive the bond requirement imposed by the amended order because: they would be prejudiced by being required to post a bond they did not affirmatively seek; a bond is unnecessary because it accelerates the time for payment established by the stipulated final judgment; a bond is not required because the Trusts have reserved the full amount already; acquiring a bond would be difficult considering the Trusts' structure; and requiring a bond welcomes further disputes. (Doc. 64.) Plaintiff Consumer Financial Protection

1

Bureau ("CFPB") opposes this request as procedurally inappropriate and not warranted on the merits. (Doc. 65.) Intervenor Pacific Investment Management Company ("PIMCO") and PHEAA take no position on the motion. (Doc. 63-1.)

On October 1, 2024, the court approved, over objection, two stipulated final judgments, one as to the Trusts and one as to PHEAA, establishing, among other things, a redress plan for PHEAA and Trusts to make payments to borrowers affected by certain practices of PHEAA and the Trusts in the administration of student loans. (Docs. 50, 51.) Intervenor-objector PIMCO appealed on October 31, 2024. (Doc 52.) Thereafter, on November 13, 2024, Defendant PHEAA filed a motion to stay its stipulated final judgment pending appeal under Rule 62(b). (Doc. 54.) In its motion, PHEAA requested that the court grant its motion for stay without requirement for a bond, but in the alternative, requested that the court require a bond equal to their share of the total redress amount. (Doc. 55, p. 8.)[1] The Trusts did not file their own motion to stay, but rather, filed a one-and-one-half page "response" that advised, in part:

> If the Court grants PHEAA's Motion, however, the Trusts respectfully request that the Court also order an equivalent stay of the Trusts' obligations under the consumer redress provision not yet completed which are applicable to the Trusts under their separate Stipulated Final Judgment and Order. Specifically, should the Court grant PHEAA's request for a stay, the Trusts request a companion stay of the Trusts' outstanding obligations under Section IV of the Trusts' Order.

---

[1] For ease of reference, the court uses the page numbers contained in the CM/ECF header.

(Doc. 57, p. 2) (citations omitted.)  The Trusts then stated that "[t]he ability of the Trusts to satisfy their obligations to pay monetary redress and provide other redress to borrowers is wholly dependent on PHEAA performing its obligations under PHEAA'S Order." (*Id.*)  In their response, the Trusts did not mention the bond requirement which is plainly stated in Rule 62(b).  FED. R. CIV. P. 62(b).  Rather, they asked for "an equivalent stay" and "a companion stay" as to the one contemplated by PHEAA.  (Doc. 57, p. 2.)  Based on this request, and in consideration Federal Rule of Civil Procedure 62(b) affirmatively requiring a bond as a condition of receiving a stay, the Court ordered the Trusts' stipulated final judgment would be stayed upon posting a bond for the Trusts' share of the stipulated final judgments.  (Doc. 59.)[2]  Now, the Trusts ask the court to reconsider this order.  (Doc. 63.)

      The Trusts rely on *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) and ask the court to reconsider here because "good cause exists for the Court to revisit its order that the Trusts post a bond[.]"  (Doc. 64, p. 6.)  A court may reconsider an interlocutory order under Federal Rule of Civil Procedure 54(b) "whenever 'consonant with justice to do so[,]'" even if the movant

---

[2] This order was amended in order to add an administrative directive to the Clerk of Court.  (Doc. 60.)

has not met the *Max's Seafood Café* standard.  *Qazizadeh*, 214 F. Supp. 3d at 295.  Nevertheless, the following limitations apply to such motions:

> Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision.  Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Id.*

The Trusts' motion for reconsideration does not establish good cause for why the court should revisit its decision because the Trusts put forth arguments they could and should have raised at the time of PHEAA's motion for stay.  As noted above, the Trusts argue they would be prejudiced by being required to post a bond they did not affirmatively seek, a bond is unnecessary because it accelerates the time for payment established by the stipulated final judgment, a bond is not required because the Trusts have reserved the full amount already and acquiring a bond would be difficult considering the Trusts structure, and requiring a bond welcomes further disputes.  (Doc. 64.)  All but the first argument are arguments that were available to the Trusts at the time of PHEAA's motion.  The first argument is without merit because, rather than fully brief the issues or even provide a position, the Trusts chose to file a one-and-one half page response that

requested a "companion" stay and did not address the practical complications of the Trusts obtaining a bond. (Doc. 57.) Thus, the instant motion is simply an effort to re-argue a matter that was already argued and disposed of and is simply an effort to get a second bite at the apple, which the Trusts chose to forego during PHEAA's motion briefing. *See MMG Ins. Co.*, 432 F.Supp.3d at 475 ("[A] motion for reconsideration may not be used . . . to raise new arguments that could have been made in support of the original motion, and should not ask the court to rethink a decision that it has already made.")(citations omitted.) Accordingly, the motion for reconsideration will be denied.

To the extent the Trusts are concerned about their ability to secure a bond, this is not a basis to grant reconsideration, for the reasons discussed above. In any event, the court observes that the Trusts each have the option of depositing their proportionate share of the judgment with the Court, in lieu of posting a bond, which the Clerk of Court shall then deposit into an interest-bearing account, and such deposit shall have the effect of staying these proceedings.

Accordingly, **IT IS ORDERED** that the Trusts' motion for reconsideration is **DENIED**. (Doc. 63.)

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: March 4, 2025